IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

KEVIN D. WALLACE,　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　　Plaintiff,　　　　)　　No. 11cv139 EJM
vs.　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)　　ORDER
MICHAEL J. ASTRUE,　　　　　　　　)
COMMISSIONER OF SOCIAL　　　　　　)
SECURITY,　　　　　　　　　　　　 )
　　　　　　　　Defendant.　　　　 )

Plaintiff brings this action seeking judicial review of the Commissioner's denial of his application for social security disability and supplemental security income benefits. Briefing concluded July 3, 2012. The court has jurisdiction pursuant to 42 USC §405(g). Reversed and remanded for further proceedings.

Claiming an onset date of January 31, 2008, plaintiff alleges disability due to multiple impairments including chronic obstructive pulmonary disease (COPD) and limited intellectual functioning. He asserts the Administrative Law Judge (ALJ) erred in failing to find his borderline intellectual functioning to be a severe impairment, in failing to find any work-related mental limitations, in failing to fully and fairly develop the record by ordering physical and psychological evaluations, and in failing to adequately evaluate his subjective allegations. Accordingly, he asserts that the Commissioner's decision is not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision. This requires [the court] to do more than

merely parse the record for substantial evidence supporting the [Commissioner's] decision. [The court] also must consider evidence in the record that detracts from the weight of the decision. Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F2d 836, 838 (8th Cir. 1992) (internal citations omitted).

The ALJ found plaintiff's severe impairments include COPD and status-post left clavicle fracture, but further found he retained the residual functional capacity to engage in substantial gainful activity.

Plaintiff was the subject of a consulting psychological evaluation, and the ALJ relied thereon in considering the degree of plaintiff's mental impairments. Confidence in the psychologist's evaluation is undermined by an apparent fundamental misunderstanding in plaintiff's activities over the course of several years prior to his claimed onset date, including the psychologist's incorrect understanding that plaintiff last worked eleven years prior to the evaluation. T. 317. Additionally, it appears that the psychologist thought it well to consider whether a diagnosis of borderline intellectual functioning should be ruled out, T. 319, but was either not furnished or did not consider existing low IQ evidence in the course of his evaluation. "While borderline intellectual functioning may not rise to the level of a disability by itself, [if the condition is present] a claimant is nevertheless entitled to have a vocational expert consider this condition along with other impairments to determine how it impacts upon the claimant's residual

2

functional capacity." Grissom v. Barnhart, 416 F3d 834, 838 (8th Cir. 2005) (citations and quotations omitted).

Upon the foregoing, it is the court's view that the Commissioner's decision is not supported by substantial evidence on the record as a whole. This matter shall be reversed and remanded for further consideration in accordance herewith. On remand the Commissioner may consider evidence of plaintiff's IQ, and other evidence in connection with his claim of borderline intellectual functioning. While plaintiff's treating physician opined that he is physically disabled (and further noted his thoughts as to plaintiff's very low functional IQ, consistent with other substantial evidence of record) (T. 416-418), the ALJ properly noted the conclusory nature of the opinion. On remand, medical support and specific limitations associated with the treating physician's views and plaintiff's physical condition may be explored, including as to what the treating physician characterized as plaintiff's severe symptomatic COPD (T. 420). Due to the court's disposition of this matter, the court need not consider plaintiff's remaining claims.

It is therefore

ORDERED

Reversed and remanded for further proceedings in accordance herewith.

January 16, 2013.

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT